# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11cR00467-LAB1

| PATRICIA HERNANDEZ GARCIA, | CASE NO. 12-CV-0040-LAB |
|---|---|
| Petitioner, vs. | ORDER DENYING 28 U.S.C. § 2255 HABEAS MOTION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Patricia Hernandez Garcia is currently serving a 74-month sentence for possessing cocaine and methamphetamine with the intent to distribute. Now before the Court is her habeas petition brought pursuant to 28 U.S.C. § 2255, through which she seeks a sentence reduction. She seeks the reduction on the ground that, due to her alien status, she is ineligible for a one-year sentence reduction through a drug program, or early release into a halfway house. She argues that deprivation of these benefits or privileges due to her alien status violates her Fifth and Fourteenth Amendment rights to due process and equal protection. This is a familiar claim that aliens make in federal habeas petitions, using what appears to be a form pleading, and the Court has consistently rejected it.

To state an equal protection claim, a plaintiff must allege he was treated differently from other similarly situated persons, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and deportable aliens are not "similarly situated" to United States citizens. It is not an equal protection violation to allow United States citizen-inmates, who must re-

enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable inmates. *See, e.g.*, *Santos v. United States*, 940 F.Supp. 275, 281 (D. Hawaii 1996) (one's status as deportable alien, which may result in ineligibility for less restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state an equal protection claim "because deportable aliens are not 'similarly situated' to United States citizens"). The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521-22 (2003).

This Court has previously rejected the claim that an alien's ineligibility for various prisoner programs or benefits violates that person's rights. *See Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D. Cal. 2010); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166 (S.D. Cal. 2000). Those holdings stand. The purpose of halfway houses is to facilitate the reintegration of prisoners into the community, but prisoners in Hernandez Garcia's position are released first to the Attorney General and then to a foreign community. Moreover, halfway houses are still custodial institutions wherein prisoners serve out their full sentences, and from which deportable aliens would be a unique flight risk.

No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without. Accordingly, Hernandez Garcia's argument that the Court should consider her request for an additional downward departure on that basis is rejected. Her habeas petition is accordingly **DENIED**. The Court also **DENIES** her a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: January 9, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge